JS (R )

# CIVIL COVER SHEET

**13  2756**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT A. GARNER

### DEFENDANTS
SCHOOL DISTRICT OF PHILADELPHIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Phila.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Olugbenga O. Abiona, Esq.
1433 South 4th Street
Phila, PA 19147 / 215-625-0330

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | PERSONAL INJURY ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

ADAAA

MAY 20 2013

## REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 5/17/2013

SIGNATURE OF ATTORNEY OF RECORD

OFFICE USE ONLY

PT # _____ AMOUNT _____ APPLYING IFP _____

13-CV-2756

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Philadelphia_

Address of Defendant: _Philadelphia_

Place of Accident, Incident or Transaction: _Philadelphia_
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

MAY 20 2013

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Olugbenga O. Abiona, Esq._, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _5/17/2013_     _____     _57026_
                               Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _5/17/2013_     _____     _57026_
                               Attorney-at-Law                Attorney I.D.#

CIV. 609 (9/99)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Robert A. Garner : CIVIL ACTION
v. : 13  2756
School District of Phila. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  (X)

5/17/2013
Date

MAY 20 2013

Attorney-at-Law
PLAINTIFF
Attorney for

(Civ. 660) 7/95




IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ROBERT A. GARNER
    Plaintiff,
vs.

SCHOOL DISTRICT OF PHILADELPHIA,
    Defendant

: CIVIL ACTION No.
:
: 13   2756
:
:
:
:

---

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff in the above captioned matter, claims a sum in excess of Three Hundred Thousand Dollars ($300,000.00) in damages and upon his causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant School District of Philadelphia (hereinafter "SDP"), rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Americans with Disabilities Act, (ADA) as amended under ADAAA, and the Pennsylvania Human Relations Act, (PHRA), which prohibit discrimination and failure to accommodate employees with disabilities by employers and retaliation because an employee engages in protected activities under these statutes, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate disabilities discrimination and retaliation by Defendant.

    II.    **JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United

1

States of America. Plaintiff has also exhausted his administrative remedies before bringing his claims to Court. On March 25, 2013, the U.S. Equal Employment Opportunity Commission issued Plaintiff his right to sue letter on these claims. See attached copy of the EEOC letter to this Complaint. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

### III.   PARTIES

6.   Plaintiff, Robert A. Garner, is a citizen of the United States and the Commonwealth of Pennsylvania, who currently resides in Philadelphia, Pennsylvania.

7.   Defendant, School District of Philadelphia, is an agency of the City of Philadelphia, with its offices located at 440 North Broad Street, Philadelphia, PA 19129.

### IV.   STATEMENT OF FACTS

12.   Plaintiff started working with the School District of Philadelphia as a Security Officer in or about January 1990. He became a School Police Officer in or around 2000/2001. About Four years later Plaintiff was promoted to Sergeant, and then was assigned to an Acting Lieutenant position for three years and then reassigned back to Sergeant.

13.   Plaintiff suffers from follicular lymphoma with GI symptoms; bloating, severe physical abdominal pains, inability to stand for a long period of time and constant bowel movements.

14.   Lymphoma is a cancer of lymphocytes, a type of white blood cell. Lymphocytes circulate in the body through a network referred to as the lymphatic system, which includes the bone marrow, spleen, thymus, and lymph nodes.

15. Plaintiff is a disabled person as defined by the ADAAA and PHRA and is capable of performing the essential functions of his position with reasonable accommodation from SDP.

16. Defendant, however, failed to provide Plaintiff with reasonable accommodation for his disability, failed to engage Plaintiff in a good faith interactive process as required under the statutes in order to address Plaintiff's needs for accommodation, but subjected Plaintiff to denial of the use of his earned sick leave benefits, denial of continuation of wages benefits, because of his disability, and when Plaintiff continued to seek protection under the ADAAA and PHRA because of his disabilities and complained about Defendant failure to grant him reasonable accommodation as provided under these federal and state statutes, Defendant retaliated against Plaintiff by subjecting him to unwarranted discipline, subjected him to unpaid leave of absence and then terminating his employment because he continued to assert his rights for reasonable accommodation under these statutes because of his disability.

17. From May 3, 2011, to November 6, 2011, Plaintiff was out on approved medical leave of absence.

18. On November 7, 2011, Defendant placed Plaintiff on unapproved medical leave of absence without pay, despite the fact that Plaintiff's treating physicians provided Defendant with medical records and certification of Plaintiff's disabilities and requested that Defendant provide reasonable accommodations for Plaintiff's disabilities. Defendant, however, failed to engage Plaintiff and his physicians in good faith interactive process to accommodate Plaintiff's disabilities.

19. In December 2011 Plaintiff was put on probation for one year because he was denied reasonable accommodation and had been subjected to unapproved medical leave by Defendant from November 7, 2011, to December 12, 2011.

20. On or about January 19, 2012, Plaintiff requested that Defendant provide him with the reasonable accommodation to use his earned sick leave benefits and continuation of salary benefits to address the symptoms of his disability, but Defendant unreasonably denied Plaintiff this request without engaging Plaintiff is a good faith interactive process as required under the statutes.

21. For the period March 12, 2012 to June 6, 2012, Defendant placed Plaintiff on discriminatory and retaliatory unapproved medical leave, this is despite the fact that on or about April 5, 2012, Plaintiff's physicians provided Defendant with another certification of Plaintiff's suffering from cancer of the lymph nodes and that reasonable accommodation for Plaintiff's disabilities was need from Defendant to treat his illness.

22. In addition, Plaintiff's Union representatives requested that Defendant should conduct an independent medical examination of Plaintiff's medical condition, which is required under the Collective Bargaining Agreement between Defendant and the Commonwealth Association of School Administrators, but Defendant refused.

23. On or about June 6, 2012, Teresa Gavigan, Defendant's Chief Human Resources Officer, informed Plaintiff that Defendant "shall recommend that the School Reform Commission terminate your employment."

24. Defendant has discriminated against Plaintiff because of his disabilities in violation of the Americans with Disabilities Act of 1990, as amended, and because Plaintiff engaged in protected activities by requesting a reasonable accommodation.

V.   STATEMENT OF CLAIMS

### COUNT ONE – ADAAA VIOLATION – Disability Discrimination

25. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 24 as if the same were fully set forth at length herein.

26. The acts and conduct of the Defendant through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant discriminated against Plaintiff because of his disabilities, failed to accommodate Plaintiff's disabilities and Plaintiff was terminated from employment because of his disabilities were violations of Plaintiff's rights under the Americans with Disabilities Act.

27. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT TWO – PHRA VIOLATION – Disability Discrimination

28. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 27 as if the same were fully set forth at length herein.

29. The acts and conduct of the Defendant as stated above where Defendant discriminated against Plaintiff because of his disabilities, failed to accommodate Plaintiff's disabilities and Plaintiff was denied employment because of his disabilities were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

30. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT THREE – ADAAA VIOLATION –Retaliation

31. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 30 as if the same were fully set forth at length herein.

32. The acts and conduct of the Defendant, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant subjected Plaintiff to retaliatory actions because he engaged in protected activities for requesting accommodation for his disabilities under the statute and complained of violation of his rights under the ADAAA were violations of Plaintiff's rights under the Americans with Disabilities Act Amended Act.

33. As a direct result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT FOUR- PHRA VIOLATION – Retaliation

34. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 33 as if the same were fully set forth at length herein.

35. The acts and conduct of the Defendant as stated above where Defendant subjected Plaintiff to retaliatory adverse actions because he opposed and complained about disability discrimination and Defendant's failure to accommodate his disability were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

36. As a direct result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant, and request that this Honorable Court:

A. Enter judgment against the Defendant for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole and either reinstate Plaintiff to his employment with or grant him front pay.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

                                        /s/ Olugbenga O. Abiona
                              _____

                                             Olugbenga O. Abiona
                                             1433 South 4th Street
                                             Philadelphia, PA 19147
                                             (215) 625-0330
                                             Attorney ID # 57026
                                             Attorney for Plaintiff

Dated: May 17, 2013

EEOC Form 161 (rev 2/17/08)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Robert Garner
299 Shawmont Avenue   Unit E
Philadelphia, PA 19128

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2012-74637 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____         3/25/13
Spencer H. Lewis, Jr., District Director    *(Date Mailed)*

Enclosure(s)
    Information Sheet

cc:  SCHOOL DISTRICT OF PHILADELPHIA
     Michael A Davis, General Counsel (for Respondent)